UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TERESA HOOD,<br><br>        Plaintiff-Relator,<br><br>   v.<br><br>AMGEN INC., et al.,<br><br>        Defendant. | No. 2:18-cv-02981-WBS-AC<br><br>ORDER RE: MOTION TO STAY ACTION PENDING ARBITRATION |

----oo0oo----

On May 21, 2021, plaintiff-relator filed a notice of voluntary dismissal without prejudice of the following counts: Count 1 (Federal False Claims Act - 31 U.S.C. § 3279(a)(1)(A)); Count 2 (Federal False Claims Act - 31 U.S.C. § 3729(a)(1)(B)); Count 3 (California Insurance Frauds Prevention Act – Insurance Code § 1871.7); Count 4 (California False Claims Act, Cal. Gov't. Code §§ 12651 (a)(1) and (a)(2)); and Count 5 (Texas False Claims Act/Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ann. § § 32.039, 36.001-36.132). (See Docket No. 37.) The court dismissed these claims without prejudice on June 4, 2021. (See

1

Docket No. 41.)  The only remaining count – Count 6 (Retaliation in Violation of the Federal False Claims Act (31 U.S.C. § 3730(h)) – is subject to an arbitration agreement, of which plaintiff-relator only recently became aware.  (See Docket No. 38 at ¶ 4.)  The United States, California, Texas and the California Department of Insurance are not interested parties to Count 6 of the complaint.  (See id. at ¶ 5.)  Plaintiff-Relator now seeks to stay Count 6 during the arbitration process.  (See id. at ¶¶ 10-11.)  Plaintiff-Relator also requests that the court retain jurisdiction of the matter and that any party may file a petition with this court to enforce the arbitrator' decision.  (See id.)

        The court believes that an order staying this case, rather than dismissing it outright as Amgen suggests, is appropriate.  The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  District courts ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.  See Rhines v. Weber, 544 U.S. 269, 276 (2005).  Consideration of such a stay calls for "the exercise of judgment which must weigh competing interests and maintain an even balance."  See Landis, 299 U.S. at 254-55.  This order to stay is issued without prejudice to defendant moving to dismiss this action following arbitration if any issues remain.

        IT IS THEREFORE ORDERED that plaintiff-relator's Motion to Stay Proceedings, (Docket No. 38), is hereby GRANTED.

        The parties shall file a joint status report within 14

days after arbitration is completed to inform the court whether any issues remain for this court's resolution.  All dates are vacated.

IT IS SO ORDERED

Dated: June 22, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE